IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

JOHN EDWARD READY,

    Plaintiff,

v.

NANCY A. BERRYHILL
Acting Commissioner
of Social Security,

    Defendant.

CIVIL ACTION No. 18-04289

## MEMORANDUM OPINION

**RICHARD A. LLORET**                                                                                              **April 30, 2019**
**U.S. MAGISTRATE JUDGE**

      John Edward Ready was denied Social Security benefits by the decisions of an Administrative Law Judge ("ALJ") and the Appeals Council. Mr. Ready contends that these unfavorable decisions were reached in error. Pl. Br. at 7–23 (Doc. No. 13). Before delving into Mr. Ready's arguments about whether he is disabled, I must first address his claim that the presiding ALJ's appointment was improper under the Appointments Clause of the Constitution. *Id.* at 6–7 (citing to *Lucia v. SEC*, 138 S. Ct. 2044 (2018)). The Acting Commissioner of Social Security ("the Commissioner") argues that Mr. Ready forfeited this claim by not challenging the ALJ's appointment in the agency proceeding below.[1] Def. Br. at 6–13 (Doc. No. 14).

---

[1] In her response, the Commissioner argued that Mr. Ready forfeited his claim because "at no point in the administrative process—whether in his initial application for benefits, on reconsideration, in his hearing before the ALJ, or before the Appeals Council—did Plaintiff ever present the argument that SSA's ALJs are inferior officers under the Appointments Clause." As I noted in my Report and Recommendation in *Marchant v. Berryhill*, No. 18-345 (E.D. Pa. Jan. 9, 2019), a claimant would never be required to raise a constitutional objection to an ALJ's appointment status *before* the claim reached the hearing stage (i.e., in the initial application). ALJs (improperly appointed or otherwise) are not involved in the consideration of initial disability applications, and therefore any objection to a possible future ALJ's appointment would simply be speculative.

After careful review, I find that the ALJ was improperly appointed under the Constitution, and that Mr. Ready did not forfeit his Appointments Clause claim because it would have been futile for him to raise it before the agency. Therefore, Mr. Ready's request for review is granted, and this matter is remanded to the Commissioner for further proceedings in accordance with the opinion that follows.

## **PROCEDURAL HISTORY**

Mr. Ready filed a claim for disability insurance benefits on May 27, 2014. Administrative Record ("R.") 64. He alleged disability based on numbness in his arms, hands, and legs; a degenerative disc disorder in his neck; spondylolisthesis; and hyperlipidemia. *Id.*

His claim initially was denied on September 24, 2014. R. 104–08. Mr. Ready subsequently requested an administrative hearing. R. 112–14. At the hearing, held on February 16, 2017, Mr. Ready and Beth Kelly, a vocational expert, testified. R. 14–51. On April 5, 2017, the ALJ issued an opinion, finding Mr. Ready did not have a disability. R. 75–89.

Mr. Ready requested that the Appeals Council review the ALJ's decision. R. 207. His request was granted, *see* R. 209–12, and on August 1, 2018, the Appeals Council issued a decision, finding that the ALJ should have found Mr. Ready's date last insured to be December 31, 2014. R. 4–7. However, the Appeals Council agreed with the ALJ's findings and conclusions at steps two, three, four, and five of the sequential evaluation,

including that Mr. Ready was not disabled, and extended the findings through the correct date last insured.[2] *Id*. This appeal followed.[3]

## **DISCUSSION**

For all of the reasons discussed in my recent reports and recommendations in *Perez v. Berryhill*, No. 18-1907 (E.D. Pa. Jan. 7, 2019),[4] and *Marchant v. Berryhill*, No. 18-345 (E.D. Pa. Jan. 9, 2019),[5] the Honorable Timothy R. Rice's report and recommendation in *Muhammad v. Berryhill*, No. 18-172 (E.D. Pa. Nov. 2, 2018), and the Honorable Mark A. Kearney's opinion in *Culclasure v. Commissioner of the Social Security Administration*, No. 18-1543, 2019 WL 1641192 (E.D. Pa. Apr. 16, 2019), I find that the ALJ that presided over Mr. Ready's claim was not properly appointed under the Appointments Clause and that Mr. Ready did not forfeit his objection.[6] Furthermore,

---

[2] An ALJ evaluates each case using a sequential process until a finding of "disabled" or "not disabled" is reached. The sequence requires an ALJ to assess whether a claimant: (1) is engaging in substantial gainful activity; (2) has a severe "medically determinable" physical or mental impairment or combination of impairments; (3) has an impairment or combination of impairments that meet or equal the criteria listed in the social security regulations and mandate a finding of disability; (4) has the residual functional capacity to perform the requirements of his past relevant work, if any; and (5) is able to perform any other work in the national economy, taking into consideration his residual functional capacity, age, education, and work experience. *See* 20 C.F.R. § 404.1520(a)(4)(i)–(v).

[3] In an Order dated December 18, 2018, Mr. Ready was deemed to have consented to my jurisdiction, pursuant to 28 U.S.C. § 636(c). Doc. No. 9; *see also Roell v. Withrow*, 538 U.S. 580 (2003); Standing Order, In re Direct Assignment of Social Security Appeal Cases to Magistrate Judges (Pilot Program) (E.D. Pa. Sept. 4, 2018).

[4] On April 23, 2019, the Honorable Timothy J. Savage entered an order, approving and adopting the report and recommendation in *Perez v. Berryhill*.

[5] The report and recommendation in *Marchant v. Berryhill* is currently pending before the Honorable Robert F. Kelly.

[6] In footnote one of his reply brief, Mr. Ready states that the "Commissioner does not argue the issuance of the final decision by the Appeals Council vitiates [Mr. Ready's] Appointments Clause challenge, and has therefore waived this issue. Any such argument would be unavailing in any event, because the Appeals Council adopted all but one of the findings of the ALJ, who was clearly not properly appointed at the time she convened [Mr. Ready's] statutorily required hearing and issued her decision." Pl. Reply Br. at 2 n.1. I agree that any such argument would be unavailing under *Lucia*. In *Lucia*, after the ALJ issued a decision, the SEC conducted an "independent review of the record" and found that "petitioners committed anti-fraud violations and imposed the same sanctions as the ALJ. *Raymond J. Lucia Companies, Inc. v. SEC*, 832 F.3d 277, 283 (D.C. Cir. 2016), *overturned by Lucia,* 138 S. Ct. 2044 (2018). On appeal, the Supreme

3

even if Mr. Ready had forfeited his Appointments Clause claim, it would have been futile for him to raise the challenge at the agency level, thus excusing him from not raising the claim earlier.7

## **CONCLUSION**

Based upon the above, Plaintiff John Edward Ready's Request for Review is granted. I find that Mr. Ready did not forfeit his objection to the ALJ's appointment. Therefore, because the ALJ was improperly appointed, the Commissioner's final decision is reversed and this matter is remanded for further proceedings before a different, constitutionally appointed ALJ.

**BY THE COURT**:


_s/Richard A. Lloret_
RICHARD A. LLORET
U.S. Magistrate Judge

---

Court considered the Appointments Clause challenge and remanded for a new hearing before a constitutionally appointed ALJ, despite the fact that the SEC (whose appointment status was not challenged) issued an opinion. *See Lucia*, 138 S. Ct. at 2055–56. Similarly, here, the fact that the Appeals Council issued an opinion does not prevent Mr. Ready from obtaining relief on his Appointments Clause claim.

7 I find that the futility analysis in *Muhammad*, *Perez*, and *Marchant* still applies in this case, even though the Appeals Council decision was issued *after* the Commissioner had ratified the appointment of the Social Security Administration ("SSA") ALJs. The Commissioner ratified the appointment of the SSA ALJs on July 16, 2018. EM-18003 REV 2, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective August 6, 2018). The Appeals Council decision, in this case, was dated August 1, 2018. R. 4–7. This means that there were ALJs available, prior to the Appeals Council's decision, who may have been properly appointed, and therefore provided a possible avenue for relief had the issue been raised to the Appeals Council. However, the SSA's policy at the time of the Appeals Council decision did not permit a constitutional remedy: "As challenges to the constitutionality of the appointment of SSA's ALJs are outside the purview of the administrative adjudication, the [Appeals Council] will **not** acknowledge, make findings related to, or otherwise discuss the Appointments Clause issue." *See* EM-18003 REV, Important Information Regarding Possible Challenges to the Appointment of Administrative Law Judges in SSA's Administrative Process—Update (effective date June 25, 2018) (emphasis in original) (this Emergency Message was revised on August 6, 2018, after the issuance of the Appeals Council decision in this case). Therefore, had Mr. Ready made an Appointments Clause objection to the Appeals Council, it still would have been futile because the SSA would not have taken any action to remedy the constitutional defect.